IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. SMITH,<br>       Plaintiff<br><br>v.<br><br>PRIMECARE MEDICAL, INC.,<br>CARL A. HOFFMAN, JR., D.O.,<br>THERESA M. HOFFMAN,<br>JOSHUA D. LOCK, MARCY<br>HOFFMAN-SCHLEGEL,<br>FRANK KOMYKOSKI, and<br>KNIGHTS OF VON DUKE, LTD.<br>       Defendants | No. 1:08-CV-1397<br>Civil Action – Law<br><br><br>Electronically filed<br><br><br><br><br><br>Jury Trial Demanded |

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

I.   **STATEMENT OF THE FACTS**

The Plaintiff, Richard C. Smith (hereinafter referred to as "Smith") filed a Complaint against the Defendants in the United States District Court for the Middle District of Pennsylvania on July 25, 2008. Smith alleges in Count I of the Complaint that the Defendants violated the Family and Medical Leave Act by retaliating against him "as a result of his use of FMLA leave or attempt to use FMLA." (Complaint para. 135). The

Defendants filed a Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This Brief is now filed in support of that Motion.

On May 10, 2007 Smith underwent gastric bypass surgery. (Complaint para. 67). Prior to his surgery, Smith advised PrimeCare Medical (PCM) that he would be off work for approximately three weeks to recover from his surgery. (Complaint para. 68). Smith then alleges that "At no time prior to [his] surgery, did PCM advise [him] of his rights to take leave under the FMLA." (Complaint para. 69). Smith developed complications from the surgery, which required him to be off work for more than three weeks. (Complaint paras. 70-71). Even after the surgery, PCM did not advise Smith of his rights or obligations under the FMLA. (Complaint para. 73). Instead of FMLA, Dr. Carl Hoffman, President of PCM, paid Smith his full salary while he was off work. (Complaint para. 72). Smith alleges in Paragraph 145 of the Complaint that the Defendants "discharged, discriminated, and/or retaliated against Smith as a result of his use of FMLA leave or his attempt to use FMLA leave."

## II.   ISSUE PRESENTED

Should Smith's retaliation claim pursuant to the Family and Medical Leave Act be dismissed?

Answer:   Yes

## III. ARGUMENT

The United States Supreme Court changed the standard of review for deciding motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). This new standard was recently summarized in <u>Machesky v. Hawfield</u>, 2008 WL 614819 (W.D. Pa. 3/4/08) as follows:

> The Supreme Court, writing in *Bell Atlantic Corp., v. Twombley*, - - - U.S. - - - -, - - -, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), held that a complaint challenged pursuant to Fed.R.Civ.P. 12(b)(6) must be dismissed if it fails to allege 'enough facts to state a claim to relief that is plausible on its face.' The court is not obligated to accept inferences unsupported by the facts set out in the complaint, *see California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (*citing Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)), and is not required to accept legal conclusions framed as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

To prevail on a FMLA retaliation claim, a Plaintiff must show that (1) he took an FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave. <u>Conoshenti v. Public Service Electric and Gas Company</u>, 361 F.3 135, 146 (3rd Cir. 2004). Smith has failed to even plead a prima facie case of

3

retaliation pursuant to the Family and Medical Leave Act because he never alleges that he took FMLA leave. In his Complaint, Smith makes it very clear that the Defendants never offered him FMLA leave and that he never took FMLA leave when he had his gastric bypass surgery on May 10, 2007. In lieu of any FMLA leave, the Defendants agreed to pay Smith's full salary while he was off of work.

There is also absolutely no evidence that Smith even attempted to use FMLA leave. The issue never came up between the parties. According to Smith, PCM never mentioned Smith using FMLA leave, but decided to pay him his full salary and benefits during the time he was off of work. Conversely, Smith never mentioned FMLA or attempted to use FMLA.

Therefore, pursuant to the U.S. Supreme Court standard in Bell Atlantic Corp. v. Twombley, Smith's FMLA retaliation claim pursuant to 29 U.S.C. §2615(a)(2) should be dismissed.

## IV. CONCLUSION

Smith has failed to state a claim that the Defendants retaliated against him for using FMLA leave or attempting to use FMLA leave pursuant to 29 U.S.C. §2615(a)(2) because Smith never used FMLA leave after his gastric bypass surgery nor did he ever attempt to use FMLA leave. Therefore,

Smith's claim of FMLA retaliation pursuant to 29 U.S.C. §2615(a)(2) should be dismissed.

                                      Respectfully submitted,

                                      /S/
                                      _____
                                      Michael J. Crocenzi, Esq.
                                      I.D. # 66255
                                      Thomas J. Weber, Esq.
                                      I.D.# 58853
                                      Thomas E. Brenner, Esq.
                                      I.D. #32085
                                      Goldberg Katzman, P.C.
                                      PO Box 1268
                                      Harrisburg, Pa  17108
                                      717-234-4161
                                      *Attorneys for Defendants,*
                                      *Prime Care Medical, Inc., et al.*

Date:  August 28, 2008

## CERTIFICATE OF SERVICE

I, Michael J. Crocenzi, an employee with the law firm of Goldberg Katzman, P.C., do hereby certify that on this 28th day of August, 2008, I served a true and correct copy of the foregoing document, via U.S. first-class mail, addressed as follows:

> Frank P. Clark, Esq.
> Clark & Krevsky, LLC
> P.O. Box 1254
> Camp Hill, PA  17001-1254

Respectfully submitted,

**GOLDBERG, KATZMAN, P.C.**

/S/
_____

Michael J. Crocenzi, Esquire
I. D. # 66255
Thomas J. Weber, Esquire
I.D. # 58853
Thomas E. Brenner, Esq.
I.D. #32085
320 Market Street
P. O. Box 1268
Harrisburg, PA  17108-1268
Telephone: 717-234-4161
*Attorneys for Defendants,*
*Prime Care Medical, Inc., et al.*

162007.1

6