IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. SMITH, | : | |
| Plaintiff | : | No. 1:08-CV-1397 |
| | : | Civil Action – Law |
| v. | : | |
| | : | |
| PRIMECARE MEDICAL, INC., | : | Electronically filed |
| CARL A. HOFFMAN, JR., D.O., | : | |
| THERESA M. HOFFMAN, | : | |
| JOSHUA D. LOCK, MARCY | : | |
| HOFFMAN-SCHLEGEL, | : | |
| FRANK KOMYKOSKI, and | : | |
| KNIGHTS OF VON DUKE, LTD. | : | Jury Trial Demanded |
| Defendants | : | |

### DEFENDANTS' REPLY BRIEF IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS

The Defendants filed a Brief in Support of their Motion to Dismiss on August 28, 2008. The Plaintiff filed a response to the Brief on September 15, 2008.[1] Defendants now file this Reply Brief.

Plaintiff argues that Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002) should govern the standard to be applied in deciding the 12(b)(6)

---

[1] Defendant's counsel, Michael J. Crocenzi, takes full responsibility for not obtaining concurrence/non-concurrence from Plaintiff's counsel for the Motion to Dismiss that was filed concurrently with the Motion to Strike. When pulling together the ancillary documents for the Motion to Dismiss, which was prepared after completing the Motion to Strike, Attorney Crocenzi incorrectly assumed that he had also sought concurrence/non-concurrence from Plaintiff's counsel for the Motion to Dismiss in his email to Plaintiff's counsel. There certainly was no intent to mislead the Court, disrespect the Plaintiff's counsel, or violate this Court's local rule. It was an inadvertent mistake that should not have occurred.

Motion. Swierkiewicz, however, used the old standard that a 12(b)(6) Motion should only be granted when it is clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle the plaintiff to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957). This standard was rejected by the Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (2007). The Court stated that Conley's "no set of facts language ... is best forgotten as an incomplete, negative gloss on an accepted pleading standard ...." Id. at 1969. In Bell Atlantic, the existence of a conspiracy or an agreement was the heart of the plaintiffs' anti-trust claim. The Court held that "Asking for plausible grounds to infer an agreement... simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id. at 1965.

The Court stressed that it was not imposing a "heightened fact pleading of specifics." Id. at 1973. However, the Court held that plaintiffs must provide enough facts that "nudge[] their claims across the line from conceivable to plausible...." Id. at 1974. "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 1965.

At the heart of an FMLA retaliation claim, a plaintiff must show that he took an FMLA leave. In the present case, the Plaintiff makes it very clear that the Defendants never offered him FMLA leave and that he never took

FMLA leave when he had his gastric bypass surgery on May 10, 2007. There is also no allegation that the Plaintiff opposed any practice made unlawful by the FMLA. Thus, pursuant to the <u>Bell Atlantic Corporation v. Twombly</u> case, the Plaintiff has not nudged his claim across the line from conceivable to plausible. His FMLA retaliation count should be dismissed.

          Respectfully submitted,

          /S/
          _____
          Michael J. Crocenzi, Esq.
          I.D. # 66255
          Thomas J. Weber, Esq.
          I.D.# 58853
          Thomas E. Brenner, Esq.
          I.D. #32085
          Goldberg Katzman, P.C.
          PO Box 1268
          Harrisburg, Pa  17108
          717-234-4161
          *Attorneys for Defendants,*
          *Prime Care Medical, Inc., et al.*

Date:  September 29, 2008

## CERTIFICATE OF SERVICE

I, Michael J. Crocenzi, an employee with the law firm of Goldberg Katzman, P.C., do hereby certify that on this 29th day of September, 2008, I served a true and correct copy of the foregoing document, via U.S. first-class mail, addressed as follows:

>Frank P. Clark, Esq.
>Clark & Krevsky, LLC
>P.O. Box 1254
>Camp Hill, PA  17001-1254

>Respectfully submitted,
>
>**GOLDBERG, KATZMAN, P.C.**
>
>/S/
>_____
>
>Michael J. Crocenzi, Esquire
>I. D. # 66255
>Thomas J. Weber, Esquire
>I.D. # 58853
>Thomas E. Brenner, Esq.
>I.D. #32085
>320 Market Street
>P. O. Box 1268
>Harrisburg, PA  17108-1268
>Telephone: 717-234-4161
>*Attorneys for Defendants,*
>*Prime Care Medical, Inc., et al.*

162007.1